# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2026

Lyle W. Cayce
Clerk

————————

No. 26-10086

————————

Eric Lamar Ellis,

*Plaintiff—Appellant*,

*versus*

Rubi Garza-Lopez; Brian Marshall Barrier,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-675

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pro se plaintiff-appellant Eric Lamar Ellis comes before this court for the third time, now seeking reversal of the district court's denial of his Rule 60(b)(4) motion to vacate. In the first iteration of this case, the district court granted summary judgment for defendant-appellees Rubi Garza-Lopez and Brian Marshall Barrier, holding they were entitled to qualified immunity. *See Ellis v. Lopez*, No. 3:22-CV-675, 2023 WL 121988 (N.D. Tex. Jan. 6, 2023),

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 26-10086

*adopting Ellis v. Garza*, No. 3:22-CV-675, 2022 WL 18143709 (N.D. Tex. Dec. 28, 2022). This court affirmed. *Ellis v. Garza-Lopez*, No. 23-10022, 2023 WL 3723634 (5th Cir. May 30, 2023) (per curiam). Two years later, Ellis sought to vacate the district court's judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure. The district court denied the motion, and this court affirmed, finding Ellis's appeal "frivolous" and a "conclusory incantation." *See Ellis v. Lopez*, No. 3:22-CV-675, 2025 WL 3713960 (N.D. Tex. Sep. 12, 2025), *aff'd sub nom. Ellis v. Garza-Lopez*, No. 25-11076, 2025 WL 3680482, at *2 (5th Cir. Dec. 18, 2025) (per curiam).

Undeterred, Ellis again moved to vacate the district court's judgment, this time under Rule 60(b)(4). That Rule permits relief from a judgment when "the judgment is void." FED. R. CIV. P. 60(b)(4). A judgment is void "only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). The district court denied Ellis's motion, finding it had federal jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1983. And it cited the lengthy procedural history to find that Ellis's due process rights were not violated. *Ellis v. Garza-Lopez*, No. 3:22-CV-675 (N.D. Tex. Feb. 2, 2026).

Ellis now appeals the denial of his Rule 60(b)(4) motion. We review *de novo*. *SEC v. Novinger*, 40 F.4th 297, 301 (5th Cir. 2022).

Ellis's appeal is again frivolous and "merely regurgitate[s] arguments previously raised." *Ellis v. Garza-Lopez*, 2025 WL 3680482, at *2. His briefs focus on the alleged errors of the district court at the summary-judgment stage, claiming the district court "violated Rule 56" and "the summary judgment record was legally defective." Ellis does not allege the district court lacked jurisdiction. And beyond a conclusory allegation that the district court

2

denied his due process rights by granting summary judgment without discovery, Ellis does not explain how he was deprived of notice or the opportunity to be heard.

Accordingly, Ellis has failed to establish that the district court's judgment is void under Rule 60(b)(4). And we repeat the district court's caution: "pro se litigants have no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Ellis v. Garza-Lopez*, No. 3:22-CV-675, slip op. at 3 (N.D. Tex. Feb. 2, 2026) (citation modified). "[F]uture frivolous, repetitive, or otherwise abusive" appeals may subject Ellis to monetary sanctions or restrictions on access to the federal courts. *Garces v. Hernandez*, No. 25-50342, 2025 WL 2401001, at *2 (5th Cir. Aug. 19, 2025) (per curiam); *see also* FED. R. APP. P. 38; *Onemain Fin. Servs., Inc. v. Boyer*, No. 24-10456, 2024 WL 4579243, at *2 (5th Cir. Oct. 25, 2024) (per curiam).

AFFIRMED.